**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4740**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERNEST MONDELL SANDERS,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:12-cr-00499-RMG-1)

Submitted: April 24, 2014        Decided: April 28, 2014

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Thomas McBratney, III, MCBRATNEY LAW FIRM, PA, Florence, South Carolina, for Appellant. Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Mondell Sanders pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute and distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012), and mail fraud, wire fraud, and conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1349 (2012). The district court sentenced Sanders to 30 months' imprisonment and ordered him to pay $13,376.78 in restitution. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Sanders' guilty plea and whether Sanders' sentence is reasonable. Sanders was advised of his right to file a pro se supplemental brief, but he did not do so. We affirm.

Because Sanders did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Sanders must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). In the guilty plea context, a defendant meets his burden by showing a reasonable probability

that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

After reviewing the transcript of Sanders' guilty plea hearing pursuant to Anders, we conclude that the district court substantially complied with Rule 11 in accepting Sanders' guilty plea and that any omission by the court did not affect Sanders' substantial rights. Critically, the district court ensured that the plea was supported by an independent factual basis, that Sanders entered the plea knowingly and voluntarily, and that Sanders understood the nature of the charges to which he pled guilty, the maximum and mandatory minimum penalties he faced, and the rights he relinquished by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

We review Sanders' sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if the court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the 18 U.S.C. § 3553(a) (2012) factors, does not rely on clearly erroneous facts, and sufficiently explains the selected sentence. Id. at 49-51. After reviewing the sentencing transcript pursuant to Anders, we conclude that Sanders' sentence is procedurally

3

reasonable.    Sanders has also failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010) (explaining that this court applies a presumption on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable); United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (explaining that defendant may rebut presumption by showing "that the sentence is unreasonable when measured against the § 3553(a) factors" (internal quotation marks omitted)).

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious grounds for appeal.    We therefore affirm the district court's judgment.    This court requires that counsel inform Sanders, in writing, of the right to petition the Supreme Court of the United States for further review.    If Sanders requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.    Counsel's motion must state that a copy thereof was served on Sanders.    We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4